UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANDREW LAWRENCE FINN,

          Petitioner,                   Case No. 1:17-cv-1098

v.                                        Honorable Robert J. Jonker

SHIRLEE HARRY,

          Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

    I.    <u>Background</u>

Petitioner Andrew Lawrence Finn is presently incarcerated with the Michigan Department of Corrections at Earnest C. Brooks Correctional Facility in Muskegon County, Michigan. In 2013, Petitioner pled guilty in Kent County Circuit Court to first-degree criminal sexual conduct with a person under 13 years of age, Mich. Comp. Laws § 750.520b(1)(a). On December 19, 2013, the circuit court imposed a sentence of 22 to 90 years. He filed a motion for resentencing, but his motion was denied. He then sought leave to appeal his sentence to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on January 23, 2015, and July 28, 2015, respectively.

Petitioner filed a habeas corpus petition under § 2254 with this Court in July 2016. *See Finn v. Jackson*, No. 1:16-cv-880 (W.D. Mich.). The Court dismissed the petition without prejudice on July 22, 2016, because he had not yet exhausted his claims in state court. The Court noted that the statute of limitations for filing his federal habeas corpus petition would not expire until October 26, 2016, and that he could pursue his claims in state court through a motion for relief from judgment under subsection 6.500 of the Michigan Court Rules. *Finn*, No. 1:16-cv-880 (W.D. Mich. July 22, 2016).

Shortly thereafter, Petitioner filed a motion in state court for relief from judgment under Rule 2.612 of the Michigan Court Rules.[1] (*See* Mot. for Relief from Void J. Under MCR 2.612(C)(1)(d), ECF No. 2-1, PageID.36.) The state court denied the motion as untimely on

---

[1] Petitioner insisted that the court construe the motion as one under Rule 2.612, and not as one under Rule 6.500. (*See* Mot. for Relief from Void J., PageID.44.)

August 24, 2016.  (Kent Cty. Cir. Ct. Op. & Order, ECF No. 2-1, PageID.65.)  Petitioner subsequently appealed the denial of his motion to the Michigan Court of Appeals and the Michigan Supreme Court.  Those courts denied leave to appeal on May 18, 2017, and October 31, 2017, respectively.

Petitioner filed this action on November 30, 2017.[2]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Under Sixth Circuit precedent, Petitioner's habeas corpus application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner signed his application on November 30, 2017.  (Pet., ECF No. 1, PageID.8.)  The Court received it on December 11, 2017.  For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

3

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on July 28, 2015. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 26, 2015. Thus, the one-year statute of limitations began to run on that date. Petitioner filed his application on November 30, 2017, more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In this case, Petitioner filed a motion for relief from judgment in state court under Rule 2.612 of the Michigan Court Rules. That motion did not toll the statute of limitations, however, because it was not "properly filed" within the meaning of § 2244(d)(2). The state court held that the motion was not timely. An untimely motion

4

is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Thus, Petitioner is not entitled to statutory tolling under § 2244(d)(2).

The statute of limitations in § 2244 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). In any event, Petitioner cannot claim that he was unaware of the statute of limitations because this Court expressly informed him of it and of what he needed to do to exhaust his claims

in state court when it dismissed his previous habeas corpus action. Although the Court informed him that he could file a motion under subsection 6.500 of the Michigan Court Rules, for reasons that are not clear, Petitioner opted to file a motion under Rule 2.612. By doing so, he subjected himself to the filing deadline in Rule 2.612(C)(2). In contrast, subsection 6.500 contains no deadline for filing a motion for relief from judgment.

Moreover, Petitioner could have filed a motion under subsection 6.500 even after the state court denied his motion under 2.612. It denied his motion in August 2016, when there were still two months remaining in the statute of limitations period. His failure to do so arguably suggests a lack of diligence on his part. Accordingly, on the record before the Court, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent. In fact, he acknowledges that, after he was arrested, he "confessed to the acts with the victim, though he was

6

not sure that the number of incidents in total had been as high as the victim alleged." (Mem. of Law in Supp. of Pet., ECF No. 2, PageID.11.) Because Petitioner does not assert actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.    Certificate of Appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.

Dated:  January 17, 2018                            /s/ RAY KENT
                                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).