UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW LAWRENCE FINN,

        Petitioner,

                                                        CASE NO. 1:17-CV-1098

v.

                                                        HON. ROBERT J. JONKER

SHIRLEE HARRY,

        Respondent.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 5) and Petitioner's Objections (ECF No. 6). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. The Court finds the Magistrate

1

Judge's Report and Recommendation, which recommends denying Petitioner's habeas corpus petition as untimely, factually sound and legally correct.

Petitioner pleaded guilty to one count of first degree CSC after it emerged that he had been sexually abusing his thirteen-year-old daughter since she was seven or eight years old, including by anal and oral penetration. (Obj., ECF No. 2, PageID.11.) The trial court sentenced Petitioner to a term of 22 – 90 years. (*Id.*, PageID.12.) Petitioner filed a federal habeas corpus petition on July 12, 2016. *See Finn v. Jackson*, No. 1:16-cv-880 (W.D. Mich. 2016). The Court dismissed Petitioner's habeas corpus petition without prejudice because he had not satisfied the exhaustion requirement. *Id*. The Court pointed out that the statute of limitations for filing a Petitioner's federal habeas corpus petition would not expire until October 26, 2016. *Id*. The Court stated that Petitioner could pursue his claims in state court through a motion for relief from judgment under subsection 6.500 of the Michigan Court Rules. *Id*. Petitioner did not do this. Instead, he filed a motion in state court for relief from judgment under Rule 2.612 of the Michigan Court Rules. The state court denied the motion as untimely on August 24, 2016. Petitioner appealed to the Michigan Court of Appeals and Michigan Supreme Court, which denied leave to appeal on May 18, 2017 and October 31, 2017, respectively. He filed this habeas action on November 30, 2017, over a year after the statute of limitations expired. Petitioner objects to the dismissal of his petition as untimely, but the dismissal results from Petitioner's own choice. For whatever reason, he insisted that the court construe the motion as one under Rule 2.612 and not Rule 6.500. (*See* Mot. For Relief from Void J., PageID.44.) He now has to live with that decision. Nothing in Petitioner's objections changes the fundamental analysis. For precisely the reasons the Report and Recommendation details, Petitioner's Petition is untimely and must be dismissed.

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. Fed. R. App. P. 22b); see also *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253()(3); FED. R. APP. P. 22(b)(1); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing," Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court does not believe that reasonable jurists would find the Court's assessment of Petitioner's claims debatable or wrong.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (ECF No. 5) is **APPROVED AND ADOPTED** as the opinion of the Court.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

3. Petitioner's request for a certificate of appealability is **DENIED**.

Dated:     July 30, 2018                /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE